UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES J. FETTERLY (#125628)

VERSUS

DAVID WADE CORRECTIONAL CENTER

CIVIL ACTION

NUMBER 09-24-FJP-SCR

ORDER

Pro se plaintiff, an inmate confined at David Wade Correctional Center, Homer, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against David Wade Correctional Center. Plaintiff alleged that state district and appellate courts have failed to conduct a hearing on his state habeas corpus application in accordance with state law. Plaintiff requested that this court take jurisdiction over the matter presumably to compel the state courts to act on his habeas corpus application.

Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis. However, it appears from a review of the plaintiff's prior lawsuits that he is barred from proceeding in forma pauperis.

Section 1915(g) of Title 28 of the United States Code provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim.[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving

---

[1] A list of cases dismissed as frivolous or failure to state a claim include: *James J. Fetterly v. John P. Whitley*, CV 94-305-FJP-CN (M.D. La.); *James J. Fetterly v. Pascal F. Calogero, Jr., et al*; CV 99-1462-MLCF (E.D. La.); *James J. Fetterly v. Warren Armand*, CV 97-77-FAL-JFS (W.D. La.); and *James J. Fetterly v. T. Wilkinson, et al*, CV 01-852-FAL-JDK (W.D. La.).

2

imminent danger of serious physical injury.  Plaintiff's claims do not fall under the exception.  Therefore;

IT IS ORDERED that the plaintiff is granted 20 days from the date of this order to pay the court's filing fee in the amount of $350.  Failure to pay the filing fee within 20 days shall result in the dismissal of the plaintiff's complaint without prejudice.

Baton Rouge, Louisiana, January __22__, 2009.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE